UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:26-cv-02326-JWH-DFM | Date | September 21, 2026 |
| Title | *Tobias Egbert v. General Motors LLC, et al.* | | |

| | |
|---|---|
| Present: The Honorable | JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Clarissa Lara | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S FAILURE TO COMPLY WITH RULE 7.1(a)(2)**

Plaintiff Tobias Egbert filed this action in May 2026 in Orange County Superior Court against Defendants General Motors LLC ("GM") and Does 1 through 10.[1] On August 20, 2026, GM removed the action to this Court pursuant to 28 U.S.C § 1332.[2] GM asserts that the Court has subject matter jurisdiction based upon diversity of citizenship between the parties.[3]

As an initial matter in every case, the court must ensure that it possesses subject matter jurisdiction. District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[.]" 28 U.S.C. § 1332. The party invoking the court's jurisdiction bears the burden of demonstrating that the court has subject matter jurisdiction to hear an action. *See*

---

[1] *See* Def.'s Notice of Removal (the "Notice") [ECF No. 1].

[2] *Id.*

[3] *Id.* at 2:23-6:18.

*Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001). For the purpose of diversity jurisdiction, a limited liability company like GM "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Rule 7.1(a)(2) of the Federal Rules of Civil Procedure requires that, for actions based upon diversity jurisdiction, each party "***must***" file a disclosure statement identifying the citizenship of every individual or entity whose citizenship is attributed to that party. Fed. R. Civ. P. 7.1(a)(2) (emphasis added). Each party "***must***" file his, her, or its Rule 7.1(a)(2) Disclosure Statement with that party's "first appearance, pleading, petition, motion, response, or other request addressed to the court." Fed. R. Civ. P. 7.1(b)(1) (emphasis added). The information that the parties provide in their Rule 7.1(a)(2) Disclosure Statements allows the court to determine the diversity of the parties.

Neither Egbert nor GM has filed a Rule 7.1(a)(2) Disclosure Statement. GM, however, included the information that belongs in such a statement in its Notice of Removal.[4] Egbert filed a Motion to Remand in which he argues, among other things, that GM has failed to show that Egbert is a California citizen and has thus failed to establish diversity of citizenship, but Egbert fails to identify his state of citizenship.[5] In view of Egbert's arguments, the Court concludes that it would be an inefficient use of judicial resources to adjudicate the instant action any further without firmly establishing Egbert's state of citizenship.

Therefore, on its own motion, the Court hereby **ORDERS** as follows:

1. Egbert is **DIRECTED** to file, no later than October 2, 2026, his Rule 7.1(a)(2) Disclosure Statement.

2. Egbert is also **ORDERED** to **SHOW CAUSE** in writing, no later than October 2, 2026, why he failed to file that Disclosure Statement in a timely manner "with [his] first appearance," as required by Rule 7.1(b)(1), and why he should not be sanctioned for that failure, particularly in view of the disingenuous argument in his Motion that GM did not "affirmatively establish complete

---

4 *Id.* at 3:15-27.

5 Pl.'s Mot. to Remand (the "Motion") [ECF No. 15] 5:1-6:21.

diversity at the time of removal"[6] when Egbert had an independent, affirmative obligation to identify his state of citizenship.

3. A hearing on this OSC is **SET** for October 16, 2026, at 11:00 a.m. Counsel for the parties are **DIRECTED** to appear in person at that date and time in Courtroom 9D of the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California.

**IT IS SO ORDERED.**

---

6 *Id.* at 6:17.