# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

TOBIAS EGBERT, an individual,

Plaintiff,

v.

GENERAL MOTORS LLC, a Delaware limited liability company; and DOES 1-10, inclusive,

Defendants.

Case No. 8:26-cv-02326-JWH-DFM

**ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION**

Before the Court is the motion of Plaintiff Tobias Egbert to remand this case to Orange County Superior Court.[1] Egbert argues—among other things—that Defendant General Motors LLC has not established that the amount in controversy exceeds $75,000, as required for this Court to exercise subject matter jurisdiction under 28 U.S.C. § 1332(a).[2] On its own motion, the Court **ORDERS** the parties to engage in jurisdictional discovery regarding the amount in controversy.

The court is vested with "broad discretion" to permit or deny discovery. *Laub v. U.S. Dept. of Int.*, 342 F.3d 1080, 1093 (9th Cir. 2003). Further, "discovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Id.* (quoting *Butcher's Union Loc. No. 498, United Food & Com. Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986)). Discovery should be granted when, as here, "the jurisdictional facts are contested or more facts are needed." *Id.*; *see also Brophy v. Almanzar*, 359 F. Supp. 3d 917, 926 (C.D. Cal. 2018) (*sua sponte* order for the parties to conduct jurisdictional discovery to clarify whether the amount-in-controversy requirement was met). The Court concludes that jurisdictional discovery is appropriate to allow the parties to establish the amount in controversy and for the Court definitively to determine whether it possesses subject matter jurisdiction.

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. General Motors is **GRANTED** leave to engage in jurisdictional discovery, including, but not limited to, narrowly tailored interrogatories and requests for admission.

---

[1] Pl.'s Mot. to Remand (the "Motion") [ECF No. 15].

[2] *Id.* at 6:22-8:28.

2. Egbert is **DIRECTED**, on or before November 13, 2026, to perform the following actions, as provided by Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure:

a. serve upon General Motors a computation of each category of damages that Egbert claims in this action; and

b. make available to General Motors for inspection and copying the documents or other evidentiary material on which each computation is based.

3. The parties and their respective counsel are **DIRECTED** to review and to consider carefully their obligations under the Local Rules and Rule 11 of the Federal Rules of Civil Procedure; in particular, Rule 11(b)(3) and Rule 11(b)(4). Upon such consideration, if any party wishes to withdraw any filing, then he or it may do so in accordance with the Local Rules. *See, e.g.*, L.R. 7-16.

4. The parties, and each of them, are **DIRECTED** to file not later than December 18, 2026, simultaneous supplemental briefs regarding the Motion.

5. The hearing on the Motion to remand, the Scheduling Conference, and the hearing on the Order to Show Cause[3] are **CONTINUED** to January 8, 2027, at 9:00 a.m., in Courtroom 9D of the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California.

**IT IS SO ORDERED.**

Dated: November 2, 2026

John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[3] *See* Order to Show Cause re Pl.'s Failure to Comply with Rule 7.1(a)(2) [ECF No. 16].